UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DANIEL SKAFF, an individual, solely in his
capacity as Stockholders' Representative,

                      Plaintiff,

                      v.

PROGRESS INTERNATIONAL, LLC,

                      Defendant.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _March 4, 2104_

12 Civ. 9045 (KPF) (FM)

OPINION AND ORDER
ADOPTING REPORT AND
<u>RECOMMENDATION</u>

KATHERINE POLK FAILLA, District Judge:

      On March 7, 2013, this Court entered a default judgment against defendant Progress International, LLC ("Progress" or "Defendant"), and referred the matter to the Honorable Frank Maas, United States Magistrate Judge, for an inquest and a Report and Recommendation as to damages.

      Pending before the Court is the Report and Recommendation of Judge Maas, dated October 21, 2013 (Dkt. #29; hereinafter, the "Report"). In the Report, Judge Maas recommends that Plaintiff Daniel Skaff ("Skaff" or "Plaintiff"), acting on behalf of the former shareholders of Vivaro Corporation ("Vivaro"), be awarded: (i) $4,005,000.00 in compensatory damages; (ii) prejudgment interest on each of the defaulted installment payments that comprised that figure, calculated at the rate of 5.75% per annum from the installment due date; (iii) postjudgment interest on that figure from March 7, 2013, calculated at the rate set forth in Title 28, United States Code, Section 1961(a); and (iv) attorney's fees and expenses in the amount of

$53,976.64. Judge Maas further recommends that the Court appoint a receiver and require that Defendant execute any documents and take any other steps necessary to enforce Plaintiff's contractual rights.  (*Id.*).

On November 7, 2013, Plaintiff timely filed a limited objection to the Report, requesting that the Court expressly state that the damages award recommended in the Report is "without prejudice to Plaintiff bringing a separate action against Progress for any and all additional amounts owed by Progress after April 29, 2013 . . . ." (Dkt. #30 at 2).  For the reasons set forth in the remainder of this Opinion, the Court grants Plaintiff's request, and otherwise adopts the Report in its entirety.

## BACKGROUND[1]

**A.   The Relevant Agreements and Defendant's Payment Obligations**

The relevant facts underlying this action are set forth in the Report.  Only those facts pertinent to resolving Plaintiff's objection to the Report are recited here.

In June 2010, Plaintiff, Vivaro, Defendant, and a subsidiary of Defendant ("Sub A") entered into an Agreement and Plan of Merger, dated June 18, 2010, (the "Merger Agreement"), pursuant to which Sub A merged into Vivaro, which, in turn, would become a wholly-owned subsidiary of Defendant.  (Compl. ¶ 7). As consideration for the merger, Defendant agreed to pay Plaintiff and other

---

[1]   The facts contained in this Opinion are drawn from the Amended Complaint (Dkt. #2) ("Compl."), and the exhibits attached thereto, including the Merger Agreement, First Addendum, Second Addendum, and Third Addendum; Daniel Skaff's Affidavit in Support of Inquest (Dkt. #24) ("Skaff Decl."), and the exhibits attached thereto; and Plaintiff's Response and Limited Objection to Magistrate's Report and Recommendation (Dkt. #30) ("Pl. Objection").

Vivaro shareholders certain sums of money by installments, as set forth in the Merger Agreement. (Skaff Decl. ¶ 7; Merger Agreement § 2.01(b)). The Merger Agreement was subsequently amended through addenda, with the Third Addendum, dated as of March 30, 2012, being the operative addenda. (Skaff Decl. ¶ 8). As relevant here, pursuant to the Third Addendum, Defendant is required to remit the following principal and interest payments to Plaintiff after December 2012: (i) $750,000 on April 30, 2013; (ii) $600,000 on October 31, 2013; and (iii) $1,369,432 on April 30, 2014. (Third Addendum at 2).[2] In the event of default, the Merger Agreement and addenda thereto do not contain an acceleration provision.

    The Merger Agreement provides that it "shall be governed by, and construed in accordance with, the laws of the State of Delaware." (Merger Agreement § 10.07). Both the First Addendum, dated as of December 20, 2010, and the Second Addendum, dated as of July 8, 2011, contain a supplemental choice of law provision requiring that, "[e]xcept as otherwise expressly provided in the merger agreement[,]" the First Addendum and Second Addendum "shall be governed by, and construed and enforced in accordance with, the laws of the state of New York." (First Addendum ¶ 6; Second Addendum ¶ 6). In contrast, the Third Addendum does not include any choice of law provision.

---

[2]     The Third Addendum also required Defendant to make principal and interest payments to Plaintiff between June 30 and December 31, 2012. Those payments are set forth in the Report but, because Plaintiff's objection does not relate to those payments, they are not reiterated here.

## B.     Procedural History

On December 12, 2012, Plaintiff filed the instant action, alleging claims for breach of contract and requesting compensatory relief and specific performance. (Dkt. #1). On December 18, 2012, Plaintiff filed an amended complaint for the sole purpose of submitting certain exhibits in support of his claims. (Dkt. #2; Skaff Decl. ¶ 17). Defendant was served with the summons, complaint, and amended complaint on December 19, 2012. (Dkt. #3).

Because Defendant failed to timely respond or otherwise move with respect to the amended complaint, on January 14, 2013, Plaintiff requested that the Clerk of Court enter default in this matter against Defendant. (Dkt. #4). On January 30, 2013, the Clerk of Court entered a Certificate of Default against Defendant (Dkt. #6), and on February 19, 2013, Plaintiff moved for entry of a default judgment (Dkt. #13).

On March 4, 2013, the Court held a hearing on Plaintiff's motion for a default judgment at which neither Defendant nor its counsel appeared at the appointed time or for 30 minutes thereafter. (Dkt. #16). On that same day, the Honorable Jed S. Rakoff, the District Judge to whom the matter was then assigned, granted Plaintiff's motion for default judgment and referred the matter to Judge Maas for an inquest on damages. (*Id.*).

In connection with resolving the inquest on damages, Judge Maas directed that, on or before April 29, 2013, Plaintiff submit an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth proof of damages, together with proposed findings of fact and conclusions of

law.  (Dkt. #22).  Judge Maas further ordered Defendant to serve and file any opposing memoranda, affidavits, and exhibits, as well as any alternative findings of fact and conclusions of law, by May 13, 2013.  (*Id.*).  Plaintiff timely submitted his papers on April 29, 2013 (Dkt. #23-25), but Defendant again failed to respond.

On June 20, 2013, this case was reassigned from Judge Rakoff to the undersigned.  (Dkt. #27).

On October 21, 2013, Judge Maas issued the Report, setting forth the recommended damages award and resolving the requests for other relief.  The Report directed the parties to file any written objections to the Report with the Court within 14 days from the date the Report was issued, and informed the parties that the failure to file timely objections would result in a waiver of those objections and would preclude appellate review.  The Report further explained to the parties that they could request from this Court an extension of time to file objections with the Court.  (Report 12-13).

Objections to the Report were due by November 7, 2013.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).[3]  Plaintiff filed a limited objection on that date.  (Dkt. #30).  According to the docket in this case, as of the date of this Opinion, Defendant has neither filed an objection to the Report nor requested an extension of time to do so.

---

[3]  Although the Report instructed the parties to file objections by November 4, 2013 (i.e., 14 days from the date the Report was entered), the Court may extend the date by which objections were due to November 7, 2013, and will do so here.  *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).").

5

**DISCUSSION**

A.   **The Standard of Review**

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. (*Id.*). "To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *King* v. *Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *3 (S.D.N.Y. July 8, 2009) (quoting *Wilds* v. *United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)), *aff'd*, 453 F. App'x 88 (2d Cir. 2011) (summary order); *see also Brown* v. *Time Warner Cable, Inc.*, No. 10 Civ. 8469 (AJN) (RLE), 2012 WL 5878751, at *1 (S.D.N.Y. Nov. 21, 2012); *Gomez* v. *Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).

Further, a party's failure to object timely to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver both of the party's right to object to the report and recommendation and of the right to challenge the report and recommendation on appeal. *See Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

**B.     Analysis**

    **1.     Defendant Has Waived Its Right to Object to, and to Obtain Appellate Review of, the Report**

As noted, Judge Maas informed the parties that they had 14 days from receipt of the Report to file any objections, and warned that failure to timely file an objection would result in a waiver to do so, and a waiver of the right to object on appeal.  (Report 12-13).  Having received clear notice of the consequences of remaining silent, and having neither filed objections nor requested an extension of time to do so, Defendant has waived its right to object to the Report and its right to obtain appellate review of the Report, except as to the minor modification identified herein.  *See Li Ping Fu* v. *Pop Art Int'l, Inc.*, 10 Civ. 8562 (DLC), 2011 WL 6092309, at *2 (S.D.N.Y. Dec. 7, 2011) (identifying that "[t]he parties' failure to file written objections precludes appellant[ ] review of [the] decision," except as to an issue not addressed in the report and recommendation); *see also United States* v. *Male Juvenile*, 121 F.3d 34, 38-39 (2d Cir. 1997).

    **2.     Plaintiff's Request to Modify the Report Should Be Granted**

Plaintiff filed a timely limited objection to the Report.  Accordingly, the Court will make a *de novo* determination concerning the narrow portion of the Report to which Plaintiff objects.  28 U.S.C. § 636(b)(1)(C).  Plaintiff requests that the Report be modified to include "an express statement that the award is without prejudice to Plaintiff bringing a separate action against Progress for any and all additional amounts owed by Progress after April 29, 2013 under the Merger Agreement and amendments thereto."  (Pl. Objection 2).  Plaintiff's

7

request is predicated on the fact that since Plaintiff filed his inquest memorandum and supporting papers on April 29, 2013, additional installments have become due under the Merger Agreement and its Third Addendum. (Pl. Objection 1). In particular, Plaintiff calls the Court's attention to the Third Addendum, which obligated Defendant to make additional installment payments to Plaintiff — the recovery of which was not sought in the instant litigation — on April 30, 2013 ($750,000), and October 31, 2013 ($600,000), before making a final payment on April 30, 2014 ($1,369,432).

Judge Maas's Report correctly concluded that obligations arising under the Third Addendum are covered by the governing choice-of-law clause in the Merger Agreement, which calls for application of Delaware law. (*See* Report 7-8). For that reason, Delaware law applies to Plaintiff's right to pursue payments arising under the Third Addendum.

The question of what installment payments may be sought and recovered where an action is commenced prior to all installment payments becoming due under the applicable agreement, but where the agreement lacks an acceleration provision, has not yet been directly addressed by the Delaware Supreme Court. *See Bhole, Inc.* v. *Shore Investments, Inc.*, 67 A.3d 444, 450 (Del. 2013) ("The legal issue is what the measure of recovery is for a breach of a lease agreement, where (i) the non-breaching party has sued before the lease expires, and (ii) the lease does not contain an acceleration clause. That issue is one of first impression in this Court."). The Court in *Bhole*, prior to remanding to the lower court to decide the question in the first instance, suggested three

possible alternatives: the plaintiff may recover installments payments due up through the date of the filing of the complaint, the start of trial, or the entry of judgment. *Id.* at 450-51.

As the Delaware Supreme Court noted, however, the Delaware Superior Court has addressed this issue. *Bhole*, 67 A.3d at 450 n.26. In *SLMSoft.Com, Inc.* v. *Cross Country Bank*, the court held that each installment payment constitutes a separate claim, and that the plaintiff should seek to recover all installments due as of the filing of the complaint. *See* No. Civ.A. 00C09163JRJ, 2003 WL 1769770, at *7 & n.54 (Del. Super. Ct. Apr. 2, 2003) ("In a contract that lacks an acceleration clause, and requires money to be paid in installments, each failure of remittance is, itself, an individual breach. All installments due when an action is commenced should be sought, 'for generally speaking, a recovery for one installment will bar an action for the recovery of other installments which were due and which could have been sued upon at the same time.'" (quoting 1 AM. JUR. 2D ACTIONS § 117 (1994), since renumbered as 1 AM. JUR. 2D ACTIONS § 110 (2013))).

Plaintiff commenced this action on December 12, 2012, and a default judgment was entered on March 7, 2013. At the time the default judgment was entered, the April 2013, October 2013, and April 2014 installment payments specified in the Third Addendum had not yet become due. Under Delaware law, Plaintiff was not entitled to recover those payments at that time; therefore, he is not barred from recovering such installments in a separate action.

9

Even assuming New York law governed future payments arising under the Merger Agreement, because of the inclusion of a New York choice-of-law provision in the First Addendum and Second Addendum, the result would be the same. "New York courts have held that if the injured party seeks relief for the breach of a contract calling for periodic payments over time, absent an acceleration provision he may recover only those payments that the defendant had failed to make as of the time of the filing of the lawsuit." *AboveNet Commc'ns, Inc.* v. *A&D Data Corp.*, No. 08 Civ. 6188 (RPP) (MHD), 2010 WL 235005, at *5 (S.D.N.Y. Jan. 19, 2010); *see also Maflo Holding Corp.* v. *S. J. Blume, Inc.*, 308 N.Y. 570, 575 (1955); *McCready* v. *Lindenborn*, 172 N.Y. 400, 408 (1902). Further, "it is well-established in New York that a cause of action for breach of contract or unjust enrichment arising from a series of installment payments accrues separately for each installment." *J.C. Penney Corp., Inc.* v. *Carousel Ctr. Co., L.P.*, 635 F. Supp. 2d 126, 131-32 (N.D.N.Y. 2008); *see, e.g., Vigilant Ins. Co. of Am.* v. *Hous. Auth. of El Paso, Tex.*, 87 N.Y.2d 36, 45 (1995); *Phoenix Acquisition Corp.* v. *Campcore, Inc.*, 81 N.Y.2d 138, 140-41 (1993) ("[W]e hold that separate causes of action accrued as installments of the loan indebtedness became due and payable.").

Regardless of whether New York or Delaware law applies, Plaintiff is not precluded from bringing a separate action to recover the April 2013, October 2013, and April 2014 installment payments. Accordingly, the award adopted by this Opinion is without prejudice to Plaintiff bringing a separate action against Defendant for any and all additional amounts owed by Defendant after

December 2012 under the Merger Agreement and Third Addendum.  The Report, although not explicitly specifying that it was without prejudice as Plaintiff requests, is nevertheless consistent with Plaintiff's limited objection.

### 3. The Court Adopts the Report's Remaining Recommendations

Having reviewed the remainder of the Report for clear error, the Court finds none.  The Report is soundly reasoned and firmly supported by fact and law.  First, the Report correctly awards Plaintiff $4,005,000.00 for payments under the amended Merger Agreement between June 30 and December 31, 2012, that Defendant failed to remit.  Second, the Report appropriately identifies that Plaintiff is entitled to prejudgment interest on all outstanding sums at the Delaware statutory rate of 5.75% per annum.  The decision to award prejudgment interest at a rate of 5.75% per annum was reached after careful consideration of the governing state law and the potential rates of interest available.  The Court finds that this conclusion has ample legal support.  This prejudgment interest accrues from the date each defaulted installment payment became due until March 7, 2013 (the date of entry of default judgment).  (*See* Report 8-9, 12; Skaff Decl. ¶ 24).  Third, the Report's conclusion that Plaintiff is entitled to postjudgment interest at the rate set forth in 28 U.S.C. § 1961 from March 7, 2013, when judgment was entered, through the date the judgment is fully satisfied is entirely correct.  Fourth, the Report's recommendation that the Court appoint a receiver and require Defendant to execute any documents and take any other steps necessary to enforce Plaintiff's contractual rights accurately reflects the parties' intentions under the

Merger Agreement.  Finally, the Report's recommendation of an award for attorney's fees and expenses in the amount of $53,976.64 is without clear error.  Judge Maas gave thoughtful attention to the award of attorney's fees, as demonstrated by the due diligence conducted to determine which attorneys worked on the matter and by reducing the requested fees by 10% upon finding that "[s]ome of the work for which the firm billed could . . . have been performed by more junior personnel."  (Report 10).

Accordingly, aside from explicitly providing that the judgment is without prejudice to Plaintiff bringing a separate action against Defendant for any and all additional amounts owed by Defendant after December 2012, the Court adopts the Report in its entirety.

## CONCLUSION

Because the Court has adopted the Report with the one clarification that it is without prejudice to Plaintiff bringing a separate action against Defendant for any and all additional amounts owed by Defendant after December 2012, it is ORDERED that the Clerk of Court shall enter judgment for Plaintiff against Defendant for $4,005,000.00 in compensatory damages; prejudgment interest on each defaulted installment payment comprising that sum calculated at the rate of 5.75% per annum from the installment due date; postjudgment interest on that sum from March 7, 2013, at the rate set forth in 28 U.S.C. § 1961(a); and $53,976.64 in attorney's fees and expenses.

It is further ORDERED that Defendant execute any documents and take any other steps necessary to enforce Plaintiff's contractual rights.

It is further ORDERED that the Court shall appoint a receiver. To that end, within 30 days of the date of this Opinion, Plaintiff shall submit a letter to the Court identifying a qualified receiver and the scope of the receiver's appointment, so that the Court may consider and appoint the receiver as appropriate.

SO ORDERED.

Dated: March 4, 2014
      New York, New York

                                       KATHERINE POLK FAILLA
                                       United States District Judge

*A copy of this was mailed by Chambers to:*
Progress International, LLC
10190 Old Katy Road, Suite 410
Houston, Texas 77043