PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: 212-561-7700
Facsimile: 212-561-7777
John A. Morris (NY Bar No. 2405397)

Attorneys for Plaintiff, Daniel Skaff
in his capacity as Stockholders' Representative

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL SKAFF, an individual, solely in his capacity as Stockholders' Representative,<br><br>Plaintiff,<br><br>-against-<br><br>PROGRESS INTERNATIONAL, LLC,<br><br>Defendant. | 12 Civ. 9045 (JSR) (FM) |

### AFFIDAVIT OF DANIEL SKAFF IN SUPPORT OF
### MOTION FOR APPOINTMENT OF A RECEIVER

DANIEL SKAFF, being duly sworn, deposes and says under penalty of perjury that:

1. I am the plaintiff and judgment creditor in the above-referenced action. I submit this affidavit, solely in my capacity as Stockholders' Representative, in support of my request for the appointment of a post-judgment receiver pursuant to Fed. R. Civ. P. 66 and New York Civil Practice Law and Rules section 5228.

2. Prior to June 18, 2010, I and others owned stock in a company then known as Vivaro Corporation. Progress International LLC ("Progress")[1] indirectly acquired Vivaro Corporation pursuant to the terms of a Merger Agreement entered into among Progress, Progress' wholly-owned subsidiary (Progress Ventures Acquisition Sub, Inc.), Vivaro

---

[1] Capitalized terms not otherwise defined have the meanings set forth in the accompanying Memorandum of Law.

Corporation, and me, as Stockholders' Representative. Under the Merger Agreement and in consideration of the cancellation and conversion of all then-existing Vivaro stock, Progress was required to pay me, as Stockholders' Representative, $10,667,000 in cash installments plus additional monies. Progress defaulted under the terms of the Merger Agreement and I commenced this action.

3. On March 7, 2014, the Court entered a Judgment in my favor against Progress [Dkt. No. 33] (the "Judgment"). A true and correct copy of the Judgment is attached hereto as Exhibit A.

4. Based on my business dealings with Progress, I understand that Progress is a limited liability company that provides international telecommunications services on a resale basis. Public records confirm that Progress holds a 49 percent ownership interest in MarcaTel, S.A. de C.V. ("MarcaTel"), a long distance and international telecommunications carrier in Mexico. I believe that the business of Progress, at its most basic level, consists of buying telephone "minutes" from MarcaTel that are sold to customers in the form of prepaid cards for international calls to Mexico.

5. Within the first year after I entered the Merger Agreement, Progress delayed or missed numerous scheduled payments that were owed to me as Stockholders' Representative. I engaged in a lengthy series of good faith negotiations with then-existing executives of Progress, including its Chief Executive Officer, Robert K. Lacy, and its Chief Operating Officer, Craig MacBurnett, all in an effort to confirm Progress' payment obligations. During the course of our discussions, Messrs. Lacy and MacBurnett intimated that the assets may not be in the Progress entity for long and that I should take action soon. Messrs. Lacy and MacBurnett were eventually dismissed from Progress. Based on subsequent conversations with the former executives, it

became clear to me that Progress had been diverting receivables from Vivaro Corporation to Marcatel, and bypassing the designated deposit accounts.

6. Between 2010 and 2011, Progress continued to delay payments and repeatedly sought to renegotiate the payment obligation and terms. The Merger Agreement was ultimately amended three times to revise the payment schedule. It is clear to me now that Progress was stalling our claim and intentionally diverting money away from the agreed deposit accounts well before 2012.

7. Based on my business dealings with Progress, I believe that its primary assets consist of (1) income from the sale of prepaid calling cards, and (2) its 49% equity ownership interest in MarcaTel.

8. Based on my business dealings with Progress, their willingness to have a receiver oversee solely the "deposit accounts" (while resisting a receiver to marshal or control any of Progress' other assets), and Progress' prior and continuing default under the Merger Agreement, I also believe that Progress will continue to divert its assets and will fail to pay the Judgment entered by this Court absent the appointment of a receiver. Furthermore, I believe that the ability of a receiver to direct the flow of Progress' cash and income, and potentially sell Progress' interest in MarcaTel, is crucial to any hope of recovering from Progress.

9. My sole purpose in seeking the appointment of a receiver is to aid in the collection and satisfaction of the Judgment.

_____
Daniel Skaff

Sworn to before me this 5 day
of June, 2014

_____
Notary Public

MELISSA SOLIMAN
Commission # 1987342
Notary Public - California
Alameda County
My Comm. Expires Aug 5, 2016